# Exhibit E

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. <u>11cv0707 JAH (POR)</u> |
| Plaintiff, | |
| vs. | **DECLARATION OF TAKING** |
| TWO RIGHT-OF-WAY EASEMENTS, situated in the City of Calexico, Imperial County, State of California, and THE STATE OF CALIFORNIA, acting by and through its Director of Transportation, et al. | |
| Defendants. | |

## DECLARATION OF TAKING

I, Jeffrey E. Neely, Acting Regional Administrator of the United States General Services Administration pursuant to the authority delegated to me by the Administrator of General Services in Chapter 17, paragraph 2d of the GSA Delegations of Authority Manual ADM P 5450.39C do hereby declare that:

1.     The authority for the acquisition of the estate in property described herein is 40 U.S.C. § 581; 40 U.S.C. § 3114; and Public Law 111-117, which appropriates funds for this acquisition.

2.     The public use for which the property is taken is for the expansion and improvement of the Calexico West Land Port of Entry and other related purposes of the Government, and for such other use as may be authorized by Acts of Congress or by Executive Order.

3.      A description of the property is set forth in Schedule "A".

4.      A plan showing the property is attached as Schedule "B".

5.      The estate taken in the property is set forth in the attached Schedule "C".

6.      The sum estimated by me as just compensation for the taking is set forth in Schedule "D", which sum I cause to be deposited herewith in the registry of the Court for the use and benefit of the persons entitled thereto.  I am of the opinion that the ultimate award for the taking probably will be within any limits imposed by law on the price to be paid therefore.

7.      Schedule E sets forth the names of the persons or entities we have identified who may claim to be entitled to compensation in regard to this requested action.

IN WITNESS WHEREOF, the United States of America has caused this Declaration of Taking to be signed in its name by me, JEFFREY E. NEELY, Acting Regional Administrator, Pacific Rim Region (9) of the General Services Administration, this 11th day of March 2011, in the City and County of San Francisco, California.

UNITED STATES OF AMERICA, ACTING BY AND THROUGH THE ADMINISTRATOR OF GENERAL SERVICES

By: _____
Jeffrey E. Neely
Acting Regional Administrator
U.S. General Services Administration
Pacific Rim Region (9L)
450 Golden Gate Ave.
San Francisco, CA 94102

## SCHEDULE A

## DESCRIPTION OF THE PROPERTY

The real property interests which are the subject matter of this proceeding consist of two easements (as shown on the plan attached to this Declaration of Taking as "Schedule B") in the City of Calexico, California.

**Easement One**:  Recorded in the Official Records for Imperial County, California, in BOOK 1349 at PAGE 1195, on July 12, 1973, more particularly described on Exhibit I to Schedule A.

**Easement Two**:  Recorded in the Official Records for Imperial County, California, in BOOK 1370 at PAGE 1151, on January 7, 1975, more particularly described on Exhibit II to Schedule A.

## CERTIFICATE OF RECORDATION

I, _____Dora Wolf_____, of the office

of the County Recorder of the County of ____IMPERIAL_____,

State of ____CALIFORNIA_____, did receive for recordation the

following instrument:

Easement, dated March 27, 1973, between the
UNITED STATES OF AMERICA and the STATE OF
CALIFORNIA (Calexico Border Station Site,
Calexico, CA – Proj. No. 04-932).

I further certify that the said document was recorded as

Document No. __53_____, in Book ¯1349_____, at page __1195_,

of the Official Records of the said County, on the __12th__ day of

__July_____, 19__73__.

JOHN W. KENNERSON
Recorder

By _____[signature]_____
Deputy Recorder

(S E A L)

Return to:
General Services Administration
49 Fourth Street, Room 454
San Francisco, California 94103

Attention: Max M. Misenar
Regional Counsel

# Easement One

CONFORMED COPY    Exhibit I to Schedule A
(Page 1 of 8)

Calexico Border Station Site
Calexico, California
Project No. 04-932

E A S E M E N T

THIS INDENTURE, made the 27th day of March, 1973, between
the UNITED STATES OF AMERICA, acting by and through the Administrator
of General Services, under and pursuant to the powers and authority
contained in the provisions of the Federal Property and Administrative
Services Act of 1949 (63 Stat. 377), as amended, more particularly
Public Law 87-852, dated October 23, 1962, (76 Stat. 1129; 40 USC
319) and regulations and orders promulgated thereunder, GRANTOR, and
the STATE OF CALIFORNIA, GRANTEE,

WITNESSETH: That the said GRANTOR, for and in consideration
of the sum of TEN DOLLARS ($10.00) to it in hand paid by the said
GRANTEE, the receipt of which is hereby acknowledged, has remised,
released, and forever quitclaimed, and by these presents does remise,
release, and forever quitclaim, unto the said GRANTEE, and to its suc-
cessors and assigns, an easement for a right-of-way for public highway
purposes, upon and over that certain parcel of land situated in the
County of Imperial, State of California, described as follows:

Those portions of the Southeast quarter of Section 14 and the
Southwest quarter of Section 13, T. 17 S., R. 14 E., S.B.M.,
according to United States Government Resurvey approved
March 17, 1926, described as follows:

Commencing at a 6-inch diameter concrete monument
with a 3/8-inch diameter brass pin on a point
lying 130 feet, more or less, Southerly from the
South line of Second Street on the centerline of
the alley running North and South across Block
68; according to Map of Calexico No. 911 on
file in the Office of the County Recorder of
Imperial County, a copy of said Map being on
file in the office of the County Recorder of
Imperial County; thence S.00°23'40" E., a
distance of 148.34 feet to a point in said center-
line of alley bearing N.59°36'57" W., a distance
of 5.00 feet from a 6-inch diameter concrete
monument with a 3/8-inch diameter brass pin on
a point; and the TRUE POINT OF BEGINNING; thence
along the following numbered courses: (1)
S.59°36'57" E., a distance of 51.70 feet to a
6-inch diameter concrete monument with a 3/8-
inch diameter brass pin on a point in the North
line of First Street; (2) S.0°25'36" E., a distance

Exhibit I to Schedule A
(Page 2 of 8)



Calexico Border Station Site
Calexico, California
Project No. 04-932

of 40.00 feet to a 6-inch diameter concrete monument
with a 3/8-inch diameter brass pin on a point in the
centerline of First Street extended Westerly; (3)
along said centerline N.89°34'24" E., 466.11 feet to
the Southerly prolongation of the Westerly line of
Rockwood Avenue according to said Map No. 911; (4)
along said prolongation S.0°25'30" E., 41.26 feet;
(5) from a tangent which bears S. 63°13'45" E.,
along a curve to the right, having a radius of 355.00
feet, through a central angle of 01°30'35" a distance
of 9.35 feet to a point of compound curvature; (6)
along a curve to the right, having a radius of 135
feet, through a central angle of 46°57'33" a distance
of 110.65 feet; (7) S.14°45'37" E., 107.54 feet; (8)
from a tangent which bears S.29°39'30"E., along a
curve to the left, having a radius of 59.50 feet,
through a central angle of 12°38'16" a distance of
13.12 feet to a point on a line which is parallel
with and 5.00 feet Northerly of the International
Boundary between the United States of America and the
Republic of Mexico; (9) along said parallel line
N.84°36'10"E., 59.63 feet; (10) S.05°23'50"E.,
5.00 feet, to a point on said International Boundary
lying N. 84°36'10"E., 144.34 feet from Monument
No. 220-A which lies on said International Boundary,
distant along said boundary N.84°36'10"E., 722.61
feet from the West line of said Section 13; (11)
along said International Boundary S.84°36'10"W.,
288.43 feet; (12) leaving said International Boundary,
N.63°15'37" W., 451.38 feet; (13) along a tangent
curve to the right, having a radius of 1724.00 feet,
through a central angle of 3°34'41", for a distance
of 107.66 feet; to a point of compound curvature;
(14) along a curve to the right, having a radius of
257.00 feet, through a central angle of 38°24'40" for
a distance of 172.29 feet to a point on the Southwesterly
Property Line of the Southern Pacific Railroad; (15)
along said 257.00-foot radius curve through a central
angle of 10°56'30" a distance of 49.08 feet to a point
on the Northeasterly Property Line of the Southern
Pacific Railroad; (16) from a tangent which bears
N.52°52'45" W., along said Northeasterly Property Line
on a curve to the right, having a radius of 1646.08
feet through a central angle of 0°00'45" a distance of
0.36 feet to the intersection of said Northeasterly
line with the Easterly prolongation of the Northerly
line of Lot 8, Block 69, according to said Map 911;
(17) along said Easterly prolongation N.89°34'34" E.,
41.48 feet, to the West line of said Section 13; (18)

Exhibit I to Schedule A
(Page 3 of 8)

Calexico Border Station Site
Calexico, California
Project No. 04-932

along said West line S.0°24'58" E., 25.00 feet;
(19) leaving said West line, N.89°34'34" E.,
45.00 feet; (20) N.0°24'58" W., 75.00 feet to the
Northwest corner of Lot 11, Block 68, according to
said Map No. 911; (21) along said Northerly line,
N.89°34'34" E., 6.47 feet; (22) from a tangent
which bears S.08°14'28" E., along a curve to the
left, having a radius of 159.00 feet, through a
central angle of 50°46'54" a distance of 140.92
feet; (23) S.60°11'25" E., 68.02 feet to the
point of beginning.

EXCEPTING from the above-described parcel the following
portion:

Commencing for reference at said Monument No.
220-A; thence along said International Boundary
S.84°36'10" W., 24.58 feet to the Southerly
prolongation of the Easterly line of Lot 1,
Block 72, of the Resubdivision of Lots 1, 2, 3,
4 and 5 of Block 72, according to Map No. 944
on file in the office of the County Recorder of
San Diego County, a copy of said map being on file
in the office of the County Recorder of Imperial
County; thence along said Easterly line N.0°25'30"
W., 55.61 feet to the Northeasterly line of that
100-foot strip of land conveyed to the Southern
Pacific Company, by deed recorded May 26, 1909
in Book 27, page 188 of deeds; thence along said
Northeasterly line, N.63°15'37" W., 75.05 feet
to the TRUE POINT OF BEGINNING of this exception;
thence along the following numbered courses:
(24) leaving said Northeasterly line from a tangent
which bears N.81°46'44" W., along a curve to the
right, having a radius of 26.83 feet, through a
central angle of 18°31'07" a distance of 8.67 feet;
(25) N.63°15'37" W., 36.95 feet; (26) S.26°44'23"W.,
15.67 feet; (27) N.63°15'37" W., 281.33 feet; (28)
N.89°34'24" E., 178.86 feet; (29) along a tangent
curve to the right, having a radius of 174.00 feet,
through a central angle of 48°18'28" a distance of
146.71 feet; (30) S.26°44'23" W., 19.82 feet; (31)
S.63°15'37" E., 16.95 feet; (32) along a tangent
curve to the right, having a radius of 26.83 feet,
through a central angle of 26°01'16" a distance of
12.19 feet to a point of compound curvature; (33)
along a curve to the right, having a radius of
14.75 feet, through a central angle of 63°58'44"
a distance of 16.47 feet; (34) S.26°44'23" W.,

Exhibit I to Schedule A
(Page 4 of 8)

Calexico Border Station Site
Calexico, California
Project No. 04-932

> 21.71 feet; (35) along a tangent curve to the right,
> having a radius of 14.75 feet, through a central
> angle of 63°58'44" a distance of 16.47 feet to a
> point of compound curvature; (36) along a curve to
> the right, having a radius of 26.83 feet, through
> a central angle of 7°30'09" a distance of 3.51
> feet to the TRUE POINT OF BEGINNING of this exception.

ALSO EXCEPTING therefrom a portion thereof, being a strip of
land 30 feet wide, lying within 15.00 feet on each side of
the centerline of the Southern Pacific Company Railroad
right of way, said centerline being described as follows:

> Beginning at a point in the Southerly line of Second
> Street lying S.89°33'33" W., 215.27 feet from the
> Northeast corner of Lot 1, Block 69, according to
> said Map 911, thence from a bearing S.43°03'12" E.,
> along a curve to the left, having a radius of 1661.08
> feet, through a central angle of 20°12'25" for a
> distance of 585.83 feet; thence S.63°15'37" E., 551.67
> feet to a point in the International Border line between
> the United States of America and the Republic of Mexico,
> which lies S.84°36'10"W., 25.66 feet from said
> International Border Monument 220-A; the limits in this
> exception being lengthened or shortened to begin and
> end on the borders of the subject parcel.

Containing a net area of 2.25 acres, more or less.

The bearings and distances used in the above description are
on the California Coordinate System, Zone 6.  Multiply all
distances used in the above description by 1.0000150 to
obtain ground level distances.

> TO HAVE AND TO HOLD, all and singular, the said easement
unto the said GRANTEE, its successors and assigns forever.

> PROVIDED, HOWEVER, that this deed is made and accepted upon
the following condition subsequent, which shall be binding upon and
enforceable against the GRANTEE, its successors and assigns:  The pro-
gram for or in connection with which this deed is made shall be conducted
in compliance with, and the GRANTEE, its successors and assigns shall
comply with and shall require any other person (any legal entity) who
through contractual or other arrangements with the GRANTEE, its suc-
cessors or assigns, is authorized to provide services or benefits under

Exhibit I to Schedule A
(Page 5 of 8)

Calexico Border Station Site
Calexico, California
Project No. 04-932

said program to comply with, all requirements imposed by or pursuant
to the regulations of the General Services Administration as in
effect on the date of this deed (41 CFR Subpart 101-6.2) issued under
the provisions of Title VI of the Civil Rights Act of 1964, and the
GRANTEE, its successors and assigns, shall promptly take and continue
to take such action as may be necessary to comply with this condition.
In the event of any breach of this condition, regardless of the cause
of such breach, all right, title, and interest in and to the above
described property, in its then existing condition, including all
improvements thereon, shall revert to and become the property of the
United States upon demand made in writing by the Administrator of
General Services, or his successor in function.  In such event, the
United States shall have the immediate right of entry upon said
property, and the GRANTEE, its successors and assigns, shall forfeit
all right, title, and interest in said property and in any and all of
the tenements, hereditaments, and appurtenances thereunto belonging,
and shall take such action and execute such documents as may be neces-
sary or required to evidence transfer of title to such property to the
United States.  The failure of the Administrator of General Services,
or his successor in function, to insist upon complete performance of
this condition in any one or more instances shall not be construed as
a waiver or relinquishment of future performance thereof, but the
obligation of the GRANTEE, its successors and assigns, with respect to
such future performance shall continue in full force and effect.

        As part of the consideration for this deed the GRANTEE, by
acceptance thereof, covenants and agrees for itself, its successors
and assigns, that (1) the program for or in connection with which this
deed is made will be conducted in compliance with, and the GRANTEE, its
successors and assigns, will comply with, all requirements imposed by
or pursuant to the regulations of the General Services Administration
as in effect on the date of this deed (41 CFR Subpart 101-6.2) issued
under the provisions of Title VI of the Civil Rights Act of 1964;
(2) this covenant shall be subject in all respects to the provisions
of said regulations; (3) the GRANTEE, its successors and assigns,
will promptly take and continue to take such action as may be necessary
to effectuate this covenant; (4) the United States shall have the
right to seek judicial enforcement of this covenant; and (5) the
GRANTEE, its successors and assigns, will (a) obtain from each other
person (any legal entity) who, through contractual or other arrange-
ments with the GRANTEE, its successors or assigns, is authorized to
provide services or benefits under said program, a written agreement
pursuant to which such other person shall, with respect to the services
or benefits which he is authorized to provide, undertake for himself
the same obligations as those imposed upon the GRANTEE, its successors
and assigns, by this covenant, and (b) furnish the original of such
agreement to the Administrator of General Services, or his successor,
upon his request therefor.  This covenant shall run with the land
hereby conveyed, and shall in any event, without regard to technical
classification or designation, legal or otherwise, be binding to the
fullest extent permitted by law and equity for the benefit of, and in
favor of, the GRANTOR and enforceable by the GRANTOR against the
GRANTEE, its successors and assigns.

Exhibit I to Schedule A
(Page 6 of 8)

Calexico Border Station Site
Calexico, California
Project No. 04-932


　　　　PROVIDED FURTHER, the GRANTEE covenants and agrees to
indemnify the GRANTOR against any and all claims or damages arising
directly or indirectly from the use or occupancy of the easement or
area over which the easement lies, by either the GRANTEE or its
invitees.

　　　　PROVIDED FURTHER, in the event the GRANTEE for two (2) con-
secutive years, fails to use said easement, or any part thereof, or
in the event the GRANTEE abandons any or all of said easement, or
fails to comply with any of the terms and conditions of this convey-
ance, then the GRANTOR, or its successors or assigns, may terminate
said easement, in whole or in part, by giving written notice of such
termination to the GRANTEE, and said termination shall be effective
as of the date of such written notice.

　　　　PROVIDED FURTHER, that if the easement conveyed herein
terminates for any reason, the GRANTEE, or its successors or assigns,
shall immediately restore the above-described area to its original
condition.

　　　　IN WITNESS WHEREOF, the GRANTOR has caused these presents
to be executed as of the day and year first above written.


　　　　　　　UNITED STATES OF AMERICA
　　　　　　　Acting by and through the
　　　　　　　ADMINISTRATOR OF GENERAL SERVICES



　　　　　　　By /s/ Joseph P. Yiakis
　　　　　　　　　JOSEPH P. YIAKIS
　　　　　　　Director, Space Management Division
　　　　　　　Public Buildings Service
　　　　　　　General Services Administration
　　　　　　　Region 9, San Francisco, California


Exhibit I to Schedule A
(Page 7 of 8)

Calexico Border Station Site
Calexico, California
Project No. 04-932


STATE OF CALIFORNIA            )
                               )  ss.
City and County of San Francisco )


On _____MAR 27 1973_____, before me,
JUANITA A. M. WHEATON, a Notary Public in and for the City and
County of San Francisco, State of California, personally appeared
JOSEPH P. YIAKIS, known to me to be the Director, Space Management
Division, Public Buildings Service, General Services Administration,
Region 9, San Francisco, California, and acknowledged that he
executed the within instrument on behalf of the United States of
America, acting by and through the Administrator of General Services.

    WITNESS my hand and official seal.


(SEAL)

AFFIXED

                        (s) JUANITA A. M. WHEATON
                        JUANITA A. M. WHEATON
                            Notary Public
                    in and for the City and County of
                    San Francisco, State of California
                    My Commission Expires:  Aug. 5, 1975


Exhibit I to Schedule A
(Page 8 of 8)

BOOK 1370 PAGE 1151

21

JOHN W. KLINNERSON
COUNTY RECORDER
JAN 7 10 22 AM '75
BOOK 1370 PAGE 1151
OFFICIAL RECORDS
IMPERIAL COUNTY, CALIF.

NO FEE

RECORDING REQUESTED BY
Dept. of Transportation
District 11
When recorded mail to
P. O. Box 81406
San Diego, CA 92138

DATE: 12-07-74
Off.
DEPT. OF
DISTRICT 11
BY

Calexico Border Station Site
Easement to State of California
Project No. 04-0932
(STATE OF CALIFORNIA)

## E A S E M E N T

THIS INDENTURE, made the 29th day of August, 1974, between
the UNITED STATES OF AMERICA, acting by and through the Administrator
of General Services, under and pursuant to the powers and authority
contained in the provisions of the Federal Property and Administrative
Services Act of 1949 (63 Stat. 377), as amended, more particularly
Public Law 87-852, dated October 23, 1962, (76 Stat. 1129; 40 USC
319) and regulations and orders promulgated thereunder, GRANTOR, and
the STATE OF CALIFORNIA, GRANTEE,

WITNESSETH: That the said GRANTOR, for and in consideration
of the sum of TEN DOLLARS ($10.00) to it in hand paid by the said
GRANTEE, the receipt of which is hereby acknowledged, has remised,
released, and forever quitclaimed, and by these presents does remise,
release, and forever quitclaim, unto the said GRANTEE, and to its suc-
cessors and assigns, an easement for a right-of-way for public highway
purposes, upon and over that certain parcel of land situated in the
City of Calexico, County of Imperial, State of California, described
as follows:

# Easement Two

Exhibit II to Schedule A
(Page 1 of 5)

BOOK 1370 PAGE 1152

Calexico Border Station Site
Easement to State of California
Project No. 04-0932
(STATE OF CALIFORNIA)

That portion of the Southwest Quarter of Section 13, T. 17 S., R. 14 E., S.B.M., according to United States Government Resurvey approved March 17, 1926, described as follows:

PARCEL 1 (23221-1)

Commencing at Border Monument No. 220-A, on the United States-Mexico International boundary, distant thereon N.84°36'10"E., 25.66 feet, more or less, along said boundary, from the center line of the Southern Pacific railroad; thence (1) along said boundary, S.84°36'10"W., 201.74 feet to the TRUE POINT OF BEGINNING; thence (2) leaving said boundary, N.35°41'45"W., 66.27 feet; thence (3) N.63°15'37"W., 145.00 feet; thence (4) from a tangent which bears S.63°15'37"E., on a curve to the right, having a radius of 93.00 feet, through an angle of 56°23'29", a distance of 91.53 feet; thence (5) S.06°52'08"E., 58.00 feet to said boundary; thence (6) along said boundary N.84°36'10"E., 111.22 feet to the TRUE POINT OF BEGINNING.

PARCEL 2 (23221-2)

Commencing at Border Monument No. 220-A on the United States-Mexico International boundary, distant thereon N.84°36'10"E., 25.66 feet, more or less, along said boundary from the center line of the Southern Pacific railroad; thence (1) along said boundary N.84°36'10"E., 114.56 feet; thence (2) N.05°23'50"W., 5.00 feet to the TRUE POINT OF BEGINNING; thence (3) N.63°15'37"W., 13.64 feet; thence (4) on a tangent curve to the right, having a radius of 77.00 feet, through an angle of 35°24'51", a distance of 47.59 feet; thence (5) S.14°45'37"E., 32.21 feet; thence (6) from a tangent which bears S.29°39'30"E., on a curve to the left having a radius of 59.50 feet, through an angle of 12°38'16", a distance of 13.12 feet; thence (7) N.84°36'10"E., 29.85 feet to the TRUE POINT OF BEGINNING.

The bearings and distances used in the above descriptions are on the California Coordinate System, Zone 6. Multiply all distances used in the above descriptions by 1.000015 to obtain ground level distances.

1A

Exhibit II to Schedule A
(Page 2 of 5)

BOOK 1370 PAGE 1153

Calexico Border Station Site
Easement to State of California
Project No. 04-0932
(STATE OF CALIFORNIA)

TO HAVE AND TO HOLD, all and singular, the said easement unto the said GRANTEE, its successors and assigns forever.

PROVIDED, HOWEVER, that this deed is made and accepted upon the following condition subsequent, which shall be binding upon and enforceable against the GRANTEE, its successors and assigns: The program for or in connection with which this deed is made shall be conducted in compliance with, and the GRANTEE, its successors and assigns shall comply with and shall require any other person (any legal entity) who through contractual or other arrangements with the GRANTEE, its successors or assigns, is authorized to provide services or benefits under said program to comply with, all requirements imposed by or pursuant to the regulations of the General Services Administration as in effect on the date of this deed (41 CFR Subpart 101-6.2) issued under the provisions of Title VI of the Civil Rights Act of 1964, and the GRANTEE, its successors and assigns, shall promptly take and continue to take such action as may be necessary to comply with this condition. In the event of any breach of this condition, regardless of the cause of such breach, all right, title, and interest in and to the above described property, in its then existing condition, including all improvements thereon, shall revert to and become the property of the United States upon demand made in writing by the Administrator of General Services, or his successor in function. In such event, the United States shall have the immediate right of entry upon said property, and the GRANTEE, its successors and assigns, shall forfeit all right, title, and interest in said property and in any and all of the tenements, hereditaments, and appurtenances thereunto belonging, and shall take such action and execute such documents as may be necessary or required to evidence transfer of title to such property to the United States. The failure of the Administrator of General Services, or his successor in function, to insist upon complete performance of this condition in any one or more instances shall not be construed as a waiver or relinquishment of future performance thereof, but the obligation of the GRANTEE, its successors and assigns, with respect to such future performance shall continue in full force and effect.

As part of the consideration for this deed the GRANTEE, by acceptance thereof, covenants and agrees for itself, its successors and assigns, that (1) the program for or in connection with which this deed is made will be conducted in compliance with, and the GRANTEE, its successors and assigns, will comply with, all requirements imposed by or pursuant to the regulations of the General Services Administration as in effect on the date of this deed (41 CFR Subpart 101-6.2) issued under the provisions of Title VI of the Civil Rights Act of 1964; (2) this covenant shall be subject in all respects to the provisions of said regulations; (3) the GRANTEE, its successors and assigns, will promptly take and continue to take such action as may be necessary to effectuate this covenant; (4) the United States shall have the

2

Exhibit II to Schedule-A
(Page 3 of 5)

BOOK 1370 PAGE 1154

Calexico Border Station Site
Easement to State of California
Project No. 04-C932
(STATE OF CALIFORNIA)

right to seek judicial enforcement of this covenant; and (5) the GRANTEE, its successors and assigns, will (a) obtain from each other person (any legal entity) who, through contractual or other arrangements with the GRANTEE, its successors or assigns, is authorized to provide services or benefits under said program, a written agreement pursuant to which such other person shall, with respect to the services or benefits which he is authorized to provide, undertake for himself the same obligations as those imposed upon the GRANTEE, its successors and assigns, by this covenant, and (b) furnish the original of such agreement to the Administrator of General Services, or his successor, upon his request therefor. This covenant shall run with the land hereby conveyed, and shall in any event, without regard to technical classification or designation, legal or otherwise, be binding to the fullest extent permitted by law and equity for the benefit of, and in favor of, the GRANTOR and enforceable by the GRANTOR against the GRANTEE, its successors and assigns.

PROVIDED FURTHER, the GRANTEE covenants and agrees to indemnify the GRANTOR against any and all claims or damages arising directly or indirectly from the use or occupancy of the easement or area over which the easement lies, by either the GRANTEE or its invitees.

PROVIDED FURTHER, in the event the GRANTEE for two (2) consecutive years, fails to use said easement, or any part thereof, or in the event the GRANTEE abandons any or all of said easement, or fails to comply with any of the terms and conditions of this conveyance, then the GRANTOR, or its successors or assigns, may terminate said easement, in whole or in part, by giving written notice of such termination to the GRANTEE, and said termination shall be effective as of the date of such written notice.

PROVIDED FURTHER, that if the easement conveyed herein terminates for any reason, the GRANTEE, or its successors or assigns, shall immediately restore the above-described area to its original condition.

IN WITNESS WHEREOF, the GRANTOR has caused these presents to be executed as of the day and year first above written.

UNITED STATES OF AMERICA
Acting by and through the
ADMINISTRATOR OF GENERAL SERVICES

By _____
      JOS. P. YAKIB
Director, Space Management Division
Public Buildings Service
General Services Administration
Region 9, San Francisco, California

3

Exhibit II to Schedule A
(Page 4 of 5)

Calexico Border Station Site
Easement to State of California
Project No. 04-0932
(STATE OF CALIFORNIA)

BOOK **1370** PAGE **1155**

STATE OF CALIFORNIA        )
                           (  SS.
City and County of San Francisco  )

On ___9/24/74___, before me,
MARIO CVIQUFELLI, a Notary Public in and for the
City and County of San Francisco, State of California, personally appeared
JOSEPH P. YIAKIS, known to me to be the Director, Space Management Division,
Public Buildings Service, General Services Administration, Region 9,
San Francisco, California, and acknowledged that he executed the within instrument on behalf of the United States of America, acting by and through the
Administrator of General Services.

WITNESS my hand and official seal.

(SEAL)

Notary Public
in and for the City and County of San Francisco,
State of California.

My Commission Expires:

4

(CERTIFICATE OF ACCEPTANCE, GOVERNMENT CODE SECTION 27281)

THIS IS TO CERTIFY, That the State of California, grantee herein, acting by and through the Department of
Transportation hereby accepts for public purposes the real property, or interest therein, conveyed by the attached
instrument and consents to the recordation thereof.

IN WITNESS WHEREOF, I have hereunto set my hand this __3rd__ day of ___January___ 19 75

HOWARD C. ULLRICH
Director of Transportation

By _____
Deputy District Director, Right of Way
............... and Attorney in Fact

FORM DH-ORW 22 (REV. 7-73)

Exhibit II to Schedule A
(Page 5 of 5)

SCHEDULE B

PLAN



SCHEDULE C

DESCRIPTION OF INTERESTS

The estates taken are as follows:

A.  With respect to <u>Easement One</u>, the easement interest is hereby acquired by the United States and merged with the fee estate already held by the United States.  The interest in <u>Easement One</u> is subject to any existing rights of utility system operators to operate, repair and maintain existing utility facilities within the existing right-of-way.

B.   With respect to <u>Easement Two</u>, the easement interest is hereby acquired by the United States and merged with the fee estate already held by the United States.  The interest in <u>Easement Two</u> is subject to any existing rights of utility system operators to operate, repair and maintain existing utility facilities within the existing right-of-way.

## SCHEDULE D

The just compensation for the taking of any and all interests in the subject matter of this action is $1.00.

## SCHEDULE E

Names and addresses of the parties who have or may claim an interest in the property:

The State of California
c/o California Department of Transportation
District 11
4050 Taylor Street
San Diego, CA 92110

Copy to attorney for California Department of Transportation

Glenn B. Mueller
Legal Department
California Department of Transportation
4050 Taylor St
San Diego, CA 92110

1   LAURA E. DUFFY
    United States Attorney
2   TOM STAHL
    Assistant U.S. Attorney
3   Chief, Civil Division
    California State Bar No. 078291
4   BRETT NORRIS
    Assistant U.S. Attorney
5   California State Bar No. 224875
    United States Attorney's Office
6   880 Front Street, Room 6293
    San Diego, California 92101-8893
7   Telephone: (619) 557-7738
    Facsimile:  (619) 557-5004
8
9   Attorneys for the Plaintiff
    The United States of America
10

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13  THE UNITED STATES OF AMERICA,    )   Case No. 11cv0707 JAH (POR)
                                     )
14              Plaintiff,           )   CERTIFICATE OF SERVICE
                                     )
15       v.                          )
                                     )
16  TWO RIGHT-OF-WAY EASEMENTS, situated )
    in the City of San Diego, Imperial County, State of )
17  California, and THE STATE OF CALIFORNIA; )
    acting by and through it's Director of )
18  Transportation, et al.;          )
                                     )
19              Defendants.          )
                                     )
20  _____

21  IT IS HEREBY CERTIFIED THAT:

22       I, the undersigned, am a citizen of the United States and am at least eighteen years of age.  My

23  business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

24       I am not a party to the above-entitled action.  I have caused service of:

25       -    DECLARATION OF TAKING

26  on the following parties by electronically filing the foregoing with the Clerk of the District Court using

27  its ECF System, which electronically notifies them.

28  N/A

1   I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the

2

3   following non-ECF participant on this case:

4   Glenn Mueller, Esq
    The State of California
    c/o California Department of Transportation

5   District 11
    4050 Taylor Street

6   San Diego, CA 92110

7

8   the last known address, at which place there is delivery service of mail from the United States Postal Service.
    I declare under penalty of perjury that the foregoing is true and correct.

9

    Dated: April 7, 2011                              s/Brett Norris
10                                                    BRETT NORRIS
                                                      Attorney for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          2