1
2
3
4
5
6
7
8
9
10                    UNITED STATES DISTRICT COURT
11                  SOUTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| RAY ASKINS, *et al.* | Case No. 12-cv-2600-W(BLM) |
| Plaintiffs, | **ORDER:** |
| | **(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION [DOC. 46]; AND** |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | **(2) REQUIRING FURTHER BRIEFING** |
| Defendants. | |

On October 24, 2012, Plaintiffs commenced this action against Defendants, alleging violations of their First and Fourth Amendments by Customs and Border Protection ("CBP") officers. On September 30, 2013, the Court granted in part and denied in part Defendants' motion to dismiss for failure to state a claim. Defendants now move for reconsideration of that order. Plaintiffs oppose.

//
//

The Court decides the matter on the papers submitted and without oral argument.  See Civ. L.R. 7.1(d.1).  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for reconsideration, and **ORDERS** further briefing.

## I.    LEGAL STANDARD

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). See Hinton v. Pac. Enter., 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).  "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Id. (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)) (internal quotation marks omitted).  Further, a motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. Id. It does not give parties a "second bite at the apple." See id. Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. Ausmus v. Lexington Ins. Co., No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009).

Similarly, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir.1994) (citing Ben Sager Chem. Int'l v. E. Targosz & Co., 560 F.2d 805, 809 (7th Cir. 1977)).  Under Rule 60(b), the court may grant reconsideration

12cv2600

based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). That last prong is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007).

However, the relief available under Federal Rule of Civil Procedure 60(a) differs from the aforementioned rules. Rule 60(a) states, in pertinent part, that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Fed. R. Civ. P. 60(a). Though "[s]ubstantive changes of mind by a court cannot be effected through Rule 60(a) . . . [a] court's failure to memorialize part of its decision . . . is a clerical error." Buchanan v. United States, 755 F. Supp. 319, 324 (D. Or. 1990); see also Blanton v. Anzalone, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987). "Rule 60(a) can be used to conform a judgment to a prior ruling." Buchanan, 755 F. Supp. at 324.

## II.   ANALYSIS

Defendants move for reconsideration of three parts of the previous order. First, they contend that the Court made an error in partially denying their motion to dismiss Plaintiffs' First Amendment claims. (Defs.' Mot. 2:14–5:10.) Second, they contend that the Court should not have granted Plaintiffs leave to amend the First Amendment claims that were dismissed. And third, they argue that the Court erred by partially denying their motion to dismiss Plaintiffs' Fourth Amendment claims. (Id. at 5:11–7:9.) //

**A.    Partial Denial of Defendants' Motion to Dismiss Plaintiffs' First Amendment Claims Was Proper.**

Defendants contend that "[t]he 'pattern or practice' claims identified by the Court are not distinguished as independent claims in the complaint and, to the extent they exist, they are inextricably intertwined with the First Amendment 'policy' claims that the Court rejected." (Defs.' Mot. 3:3–6.)  Defendants are incorrect.

Plaintiffs allege in the complaint that "an expressly adopted official CBP policy *and/or* a longstanding CBP practice of prohibiting the use of cameras and video recording devices at CBP-controlled facilities[.]"  (Compl. 11:25–28, 12:22–25 (emphasis added).)  The use of the disjunctive in the second and third claims allows Plaintiffs to pursue alternative theories.  See Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

Defendants moved to dismiss one of Plaintiffs' theories relating to an official CBP policy, but their motion failed to adequately address allegations of a pattern or practice. (See Defs.' Mot. to Dismiss 16:21–17:19; Compl. 11:25–28, 12:22–25.)  Defendants only grounded their arguments for the constitutionality of policies restricting photography on those specific, official policies.  (See Defs.' Mot. to Dismiss 16:21–17:19 ("[T]he ground rules issued by CBP's San Diego Office of Field Operations highlight "'concerns for . . . the integrity of law enforcement and investigative activities' . . . . CBP's photography policy also addresses 'concerns for the privacy of the traveling public.'" (citations omitted)).)  One of these arguments formed a basis for the Court's order.  (See Sept. 30, 2013 Order 10:8–10 (noting Defendants' contention that their policy protected an interest in preserving sensitive law enforcement techniques).)

Having successfully argued that CBP's explicit and official policies regarding photography were constitutional, Defendants may not now move to dismiss the alternative theory of an unconstitutional pattern or practice by urging reconsideration

of the previous order on the ground that "whether the alleged CBP activity occurred pursuant to a policy or pursuant to a practice is immaterial." (See Defs.' Mot. 4:10–13.) Defendants state that "[t]he fundamental premise of [Plaintiffs' First Amendment claims] is that CBP's restriction of plaintiffs' photographic activity—*whether done pursuant to a policy or pursuant to a pattern or practice*—violated of [sic] the First Amendment." (Id. at 4:7–10 (emphasis added).) The basis for the Court's previous order was Defendants' motion to dismiss, and Defendants grounded that motion's reasoning in official CBP policies. Reconsideration is not the appropriate vehicle for Defendants to raise this new argument that was not raised in the previous motion. See, e.g., Kona Enters., 229 F.3d at 890 (citing Orange St. Partners, 179 F.3d at 665).

Accordingly, the Court **DENIES** Defendants' motion for reconsideration insofar as it requests reconsideration of the Court's order partially denying their previous motion to dismiss Plaintiffs' First Amendment pattern-or-practice claims.

**B.     Leave to Amend Plaintiffs' First Amendment Claims Was Properly Granted.**

Defendants also "respectfully [request] that the Court reconsider its decision to grant plaintiffs leave to amend the First Amendment claims[.]" (Defs.' Mot. 5:3–4.) They provide only the following reasoning: "Because 'CBP's photography policy survives the strict scrutiny analysis,' any attempt to amend the constitutional challenges to that policy would be futile." (Defs.' Mot. 5:8–10.)

"The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (applying Fed. R. Civ. P. 15(a)). Defendants fail to demonstrate why amendment would be futile. Therefore, the Court DENIES Defendants' motion for reconsideration of the Court's order granting leave to amend the First Amendment claims.

//

**C.    The Court's Fourth Amendment Probable Cause Analysis Requires Reconsideration and Further Briefing.**

The Court began its previous Fourth Amendment analysis with Defendants' contention that "[b]ecause the restriction of unauthorized photography on land ports of entry is constitutional, the seizure and search of individuals who violate that restriction is also constitutional." (Sept. 30, 2013 Order 12:4–10; see also Defs.' Mot. to Dismiss 21:2–4.)   In rejecting this line of reasoning, the Court relied on the erroneous premise that the CBP photography policy violated the First Amendment. (Sept. 30, 2013 Order 12:4–10.)

Because the Court had previously found the CBP policy to be permissible under the First Amendment, the Court **GRANTS** Defendants' motion for reconsideration only of the portion of its previous order that addressed Defendants' Fourth Amendment probable-cause analysis, and that subsumed the premise that the policy was unconstitutional under the First Amendment.  However, the Court emphasizes that a finding that the enforcement of the CBP policy comports with the Fourth Amendment does not necessarily follow from the policy itself comporting with the First Amendment.

In its previous order, the Court did not reach the merits of Defendants' probable cause argument.  Defendants contend that: (1) taking photographs at a port of entry is a crime; (2) an officer who observes photographs being taken at a port has probable cause to believe that a crime is being committed; and (3) the officer may thus constitutionally detain that individual and seize his camera.  (Defs.' Mot. 20:18–20.) They proceed to direct the Court's attention to 42 C.F.R. §§ 102-74.370, 102-74.420, 102-74.450 as providing the basis for the crime in question.  (Id.)  However, as Plaintiffs point out in their opposition brief, "a criminal conviction for violating a regulation is permissible only if a statute explicitly provides that violation of that regulation is a crime."  (Pls.' Opp'n 3:24–27 (citing United States v. Alghazouli, 517 F.3d 1179, 1184 (9th Cir. 2008)).)  Plaintiffs cite 40 U.S.C. § 121(c) as the authorizing statute for the regulation providing for criminal penalties in their argument that the statute in question

does not explicitly permit such penalties.  (Pls.' Opp'n 3:17–4:7.)  Defendants do not identify any authorizing statutes either in their motion to dismiss or in their motion for reconsideration.  Defendants do, however, identify such statutes in their reply briefs to both motions.  (Defs.' Reply to Mot. to Dismiss 33 12:1–16; Defs.' Reply 7:3–20 (arguing, among other sources of statutory authorization, that "the Ninth Circuit has recognized 40 U.S.C. § 1315 as delegating authority to impose criminal penalties for violations of GSA's federal property regulations").)  Consequently, Plaintiffs have not yet had the opportunity to respond to this line of reasoning.  Therefore, further briefing is required before the Court can resolve this issue.

## III.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for reconsideration.  (Doc. 46.)  Specifically, the Court **DENIES** Defendants' motion insofar as Plaintiffs' First Amendment claims as to a pattern or practice, and Plaintiffs being given leave to amend.  And the Court **GRANTS** Defendants' motion insofar as Defendants' Fourth Amendment probable-cause analysis and the incorporation of the premise that the CBP policy violated the First Amendment.

In light of the unresolved issue reconsidered, the Court **ORDERS** further briefing on the issue of the statutory authority for the federal property regulations that Defendants argue form the grounds for the officers' probable cause.  The briefing schedule shall be as follows:

(1)   Plaintiffs shall file and serve a response, if any, to this order by **<u>April 24, 2014</u>**, which shall not exceed ten pages in length; and

(2)   Defendants shall file and serve a reply, if any, to Plaintiffs' response by **<u>May 1, 2014</u>**, which also shall also not exceed ten pages in length.

//

//

1    The parties are warned that the Court will not consider arguments straying

2    outside the scope of the specific question presented.

3    **IT IS SO ORDERED.**

4

5    **DATE: April 17, 2014**

6    _____

7    **HON. THOMAS J. WHELAN**
     United States District Court

8    Southern District of California

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28