BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOHN R. TYLER
Assistant Director, Federal Programs Branch
United States Department of Justice, Civil Division

STEPHEN J. BUCKINGHAM (MD Bar)
NATHAN M. SWINTON (NY Bar)
Trial Attorneys, Federal Programs Branch
United States Department of Justice, Civil Division
20 Massachusetts Avenue, NW
Washington, DC 20001
Tel: 202-305-7667
Fax: 202-616-8470
Email: Nathan.M.Swinton@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

_____

|  |  |
|---|---|
| RAY ASKINS, et al. | ) |
|  | ) |
|  | ) No. 12-cv-2600 W-BLM |
| Plaintiffs, | ) |
| v. | ) |
|  | ) |
| UNITED STATES DEPARTMENT OF | ) |
| HOMELAND SECURITY, et al. | ) |
|  | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

_____

## REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT BY UNITED STATES DEPARTMENT OF HOMELAND SECURITY

1

**INTRODUCTION**

2

3

In their Opposition to the U.S. Customs and Border Protection's ("CBP")

4

Motion to Dismiss the First Amended Complaint, Plaintiffs ask the Court to reverse

5

its prior holding and reconsider legal arguments identical to those that the parties have

6

already fully briefed, and that the Court has already considered and rejected.

7

8

Plaintiffs offer no basis that would justify a reversal of the Court's prior holding: there

9

has been no change in controlling law; no change in factual circumstances; they make

10

11

no argument that the Court's prior holding constituted legal error; and Plaintiffs make

12

no argument that the Court's prior holding would work a manifest injustice.  Indeed

13

the First Amended Complaint arises from the identical underlying facts that formed

14

15

the basis of the originally-filed Complaint.  Plaintiffs' claims have been extensively

16

addressed over the course of this litigation and found lacking.  So too with this

17

Complaint. Plaintiffs have provided no reason for this Court to depart from the law of

18

19

this case.  Thus, consistent with the Court's its prior ruling upholding the CBP

20

photography policy under the First Amendment and, the Amended Complaint should

21

be dismissed.

22

23

**ARGUMENT**

24

**I.     The Court Should Dismiss the First Amended Complaint Under the Law-
        of-the-Case Doctrine**

25

26

The principles giving rise to the law-of-the-case doctrine compel dismissal of

27

Plaintiffs' First Amended Complaint.  Plaintiffs argue that the law-of-the-case

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

doctrine does not bind the Court here because that doctrine does not technically

impose an insurmountable bar that forbids a district court from ever reviewing a prior

holding.  Plaintiffs' argument ignores the principles underlying the doctrine.  As

Plaintiffs' own authorities make clear, the law-of-the-case doctrine is "a means of

ensuring the efficient operation of court affairs" and is based on the notion "that in

order to maintain consistency during the course of a single lawsuit, reconsideration of

legal questions previously decided should be avoided."  *City of L.A., Harbor Div. v.*

*Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001) (citations and internal

quotation marks omitted); *see also Rocky Mountain Farmers Union v. Goldstene*, 843

F. Supp. 2d 1042, 1060 (E.D. Cal. 2011) (noting that the law-of-the-case doctrine

concerns "the practice of courts generally to refuse to reopen what has been decided"

(citation omitted)).  And although district courts generally have the discretion to

revisit their own rulings previously made in a case, they are typically unwilling to do

so *unless presented with compelling reasons to alter the outcome of a prior order*.

*See, e.g.*, *Peralta v. T.C. Dillard*, 744 F. 3d 1076 (9th Cir. 2014) (noting that pretrial

rulings can be reversed where they are "based on incomplete evidence" or where "a

district court realizes an earlier ruling was mistaken"); *Santa Monica Baykeeper*, 254

F.3d at 884 (affirming as valid a district court order rescinding prior order certifying

interlocutory appeal in light of issues raised in brief filed by plaintiffs filed subsequent

to the issuance of the certifying order); *Rocky Mountain Farmers Union*, 843 F. Supp.

2d at 1060 (reversing earlier ruling to conclude that plaintiffs' claim was not

preempted by federal law, based on court's reconsideration of the proper construction

of relevant statutory provisions and case law).

In this case, Plaintiffs have provided no reason whatsoever for the Court to

revisit its determination as to the constitutionality of CBP's photography policy.  *See*

Order Grant. in Part and Deny. in Part Defs.' Mot. to Dismiss with Leave to Amend,

ECF No. 42, at 11 ("Sept. 30, 2013 Order").  Plaintiffs claim that the First Amended

Complaint includes new facts, such as "updates to the geographic locations at issue"

and allegations about "Plaintiffs' desire and intent to resume photographing matters

exposed to public view at the ports of entry."  Pls.' Opp. to Defs.' Mot. to Dismiss

First Amended Compl. ("Pls.' Opp."), ECF No. 70, at 13.  But none of these

purportedly "new facts" addresses the bases for the Court's September 30, 2013

Order.  In issuing its Order, the Court had assumed that Plaintiffs were in a public

forum and that the CBP photography policy encompassed matters exposed to public

view.  Assuming those facts to be true, the Court held that the CBP photography

policy survives strict scrutiny analysis based on its findings that CBP has an

"extremely compelling interest of border security," that the policy constitutes the least

restrictive alternative available to CBP to advance this interest, and because the policy

sufficiently protects against improper officer discretion.  Sept. 30, 2013 Order at 11.

Thus, any "new allegations" concerning Plaintiffs' desire to take additional

1 | photographs from a public forum of a matter exposed to public view provides no new

2
3 | relevant information and no reason for the Court to revisit it prior holding.

4 | Equally without merit is Plaintiffs' suggestion that the Court should revisit its

5 | prior ruling because the First Amended Complaint "clarifies which CBP policies are

6
7 | challenged" and how they supposedly violate the First Amendment.  Pls.' Opp. at 13.

8 | To the extent Plaintiffs' First Amended Complaint provides any clarification in this

9 | regard, it serves only to show that Plaintiffs no longer assert a pattern and practice

10
11 | violation against CBP as part of their First Amendment claim; rather, they now

12 | challenge only CBP's written policies.  *Compare* Compl. ¶¶ 55, 61 (alleging that CBP

13
14 | officers had a "practice" of violating First Amendment rights) *with* First Amended

15 | Compl. ("FAC") ¶¶ 119, 121, 124 (challenging only CBP's written policies).  CBP's

16 | written policies have not changed.  Thus, the First Amended Complaint challenges the

17
18 | exact same written policies that the Court previously upheld, and which Plaintiffs

19 | already challenged in the prior iteration of their Complaint.  *See* Sept. 30, 2013 Order

20 | at 7.  Plaintiffs provide no new legal arguments or cite to any changes in controlling

21
22 | law; indeed, Plaintiffs' claims in this regard are the exact same as the ones previously

23 | litigated and resolved by the Court's September 30, 2013 Order.  *Compare* FAC

24
25 | ¶¶ 119, 121-22, 124 (claiming that the CBP photography policy unconstitutionally

26 | restrict photography of matters exposed to public view from exterior areas of ports of

27

28

entry and provide unlimited discretion to CBP officials) *with* Sept. 30, 2013 Order at

10-11 (rejecting these arguments in dismissing Plaintiffs' First Amendment claim).

In sum, Plaintiffs have provided no justification for this Court to ignore the law-

of-the-case and to reverse its prior ruling.  Accordingly, the Court should "refuse to

reopen what has been decided."  *See Rocky Mountain Farmers Union*, 843 F. Supp. at

1060 (citation omitted).

## II.     Plaintiffs' Claims Fail as a Matter of Law

As Plaintiffs concede, the Court has already "addressed [CBP's] policies in

ruling on a previous motion to dismiss."  Pls.' Opp. at 1.  As discussed above, the

Court should not revisit that prior holding.  Nevertheless, should the Court entertain

Plaintiffs' arguments at all, it should reject those arguments now for the same reasons

it rejected them initially:  even when viewed under the most stringent level of

scrutiny, the policy survives a First Amendment challenge because it serves "perhaps

the most compelling government interest: protecting the territorial integrity of the

United States," and because it represents the "least restrictive alternative available to

Defendants."  *See* Sept. 30, 2013 Order at 10-11.

Plaintiffs' Opposition raises two First Amendment challenges to CBP's

photography policy: (1) to the extent CBP's photography policy is applied on a public

forum, it cannot survive strict scrutiny because is not content neutral and narrowly

tailored to achieve a compelling government interest; and (2) to the extent CBP's

1   policy is applied in a non-public forum, it cannot survive a lower form of scrutiny

2   because it is unreasonable and not viewpoint neutral.  *See* Pls.' Opp. at 15-23.  The

3   parties have already filed no fewer than nine separate briefs in this case addressing

4   these exact legal issues.[1]

5

6       The parties initially disputed the nature of the forum at issue.  Defendants

7   argued in the past, as they do now, that CBP policy restricts only unauthorized

8   photography by individuals on port of entry property.  *See* Decl. of Billy Whitford,

9   ECF No. 27-1, ¶ 5.  Because ports of entry are government facilities established to

10  serve the vital national interest in border security, and because they are not designated

11  for expressive activity, they should be considered as nonpublic forums.  *See, e.g.*, *Ctr.*

12  *for Bio-Ethical Reform, Inc. v. City of Honolulu*, 455 F.3d 910, 919-20 (9th Cir. 2006)

13  ("Any public property that is neither a public nor a designated public forum is

14  considered a nonpublic forum."); Defs.' Opp. to Pls. Mot. for Prelim. Inj., ECF No.

15  27, at 15-16 (gathering cases).  Accordingly, CBP has consistently argued that the

16  standard of review applicable to speech restrictions in a nonpublic forum should apply

17  here.  Under that standard, CBP's policy "does not violate the First Amendment as

18  long as it is '(1) reasonable in light of the purpose served by the forum and (2)

---

[1] *See* Pls.' Mem. in Supp. of Mot. for Prelim. Inj., ECF No. 19, at 10-21; Defs.' Opp. to Pls.' Mot. for Prelim. Inj., ECF No. 27, at 13-22; Pls' Reply in Supp. of Mot. for Prelim. Inj., ECF No. 30, at 3-14; Defs.' Mem. in Supp. of Mot. to Dismiss, ECF No. 22-1, at 11-20; Pls.' Opp. to Defs.' Mot. to Dismiss, ECF No. 32, at 10-19; Defs.' Reply in Supp. of Mot. to Dismiss, ECF No. 33, at 2-9; Defs.' Supplemental Br., ECF No. 39, at 1-5; Pls.' Supplemental Br., ECF No. 40, at 1-7; Defs.' Am. Supplemental Br., ECF No. 41, at 1-7.

1
2
3

viewpoint neutral.'"  *See* Defs.' Opp. to Pls. Mot. for Prelim. Inj., ECF No. 27, at 17

(citing *Ctr. for Bio-Ethical Reform, Inc.*, 455 F.3d at 920).

4
5
6
7
8
9
10
11

In addition to the nature of the forum at issue in this matter, the parties also

disagreed as to whether the policy at issue was viewpoint neutral.  CBP argued in the

past, as it does now, that the policy is viewpoint neutral because it prohibits all

unauthorized photography on ports of entry, without regard to the views of the

individual seeking to take photographs.  *See, e.g.*, Defs.' Mem. in Supp. of Mot. to

Dismiss, ECF No. 22-1, at 18-20.

12
13
14
15
16
17
18
19
20
21
22
23

Despite CBP's arguments to the contrary, the Court held that (1) that the

Plaintiffs alleged sufficient facts to establish they were on a public forum during the

relevant time; and (2) that the CBP policy is not content-neutral.[2]  Because the Court

found that this case involves a content-based restriction on speech in a public forum, it

held that Plaintiffs' First Amendment challenges must be reviewed under the strict

scrutiny standard.  *See* Sept. 30, 2013 Order at 10.  Prior to issuing its Order of

September 30, 2013, the Court afforded the parties the opportunity to brief fully the

issue of whether the policy survives strict scrutiny.  *See* Order to Show Cause, ECF

No. 36, at 1-2.  Plaintiffs presented the identical arguments they now present in their

24
25
26
27
28

[2] *See* Sept. 30, 2013 Order at 8 ("Plaintiffs have plausibly plead that Mr. Ramirez was in a public forum when he took the photographs at issue here"); *id.* at 9 ("Plaintiffs have sufficiently alleged that Mr. Askins was also in a public forum when he took the photographs in question"); *id.* at 9-10 (holding that the policy is "content-based because authorization depends on whether or not the CBP believes the content of the photography compromises the [agency's] mission").

12cv2600

Opposition.  *Compare* Pls.' Supplement Br., ECF No. 40, at 1-5 *with* Pls.' Opp. at 13-23.  Defendant's argued then, as they do now, that CBP's policy withstands strict scrutiny because it is narrowly tailored to significant national security and border security interests; that Plaintiffs have not alleged CBP's authorization process is overly burdensome; and that CBP's policy leaves open ample alternative channels of expression.  *See* Pls.' Am. Supplemental Br., ECF No. 41, at 4-5.

In issuing its opinion upholding the constitutionality of the policy, the Court resolved the exact issues that the parties have briefed in the past and that the Plaintiffs now attempt to re-litigate.  Specifically, the Court held that the policy represents the "least restrictive alternative available to Defendants."  Sept. 30, 2013 Order at 10.  In reaching that conclusion, the Court expressly rejected the arguments that Plaintiffs re-raise now.  Specifically, the Court held that the policy is not unconstitutional because it requires advance permission to record matters of public view.  *Id.* (explaining that "many issues of border security 'exposed to public view,' such as the identity of CBP officers and search techniques, would be unprotected under" a rule that applied only to matters not visible to public view).  The Court further held that a more limited rule would be "impractical" and "impossible to enforce." *Id.* at 10-11. The Court also rejected Plaintiffs' concern regarding the discretion provided to CBP officials. *Id.* at 11 (holding that the policy "provides sufficient safeguard against officer discretion").

1

2

3          In short, Plaintiffs' Opposition raises no new law or facts that would justify a

4    reversal of the Court's prior holding in this case.  *See Rocky Mountain Farmers*

5    *Union*, 843 F. Supp. at 1060; *cf.* Order Grant. in Part and Den. in Part Defs.' Mot. for

6    Reconsideration, ECF No. 56, at 6 (observing that a Court should not reconsider a

7    prior holding   "absent highly unusual circumstances, . . . newly discovered evidence, .

8    . . clear error, or . . . an intervening change in the controlling law") (citation omitted)).

9    Accordingly, Plaintiffs' First Amended Complaint should be dismissed.

10

11   **II.     Plaintiffs Fail to Allege Injury Sufficient to Create Standing**

12         The allegations of injury contained in the First Amended Complaint are vague

13   and largely hypothetical and are thus insufficient to satisfy the constitutional standing

14

15   requirement.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) (threat of

16   injury must be "real and immediate").  As an initial matter, the First Amended

17   Complaint is vague as to whether Plaintiffs are attempting to assert a cause of action

18

19   based on a purported fear that CBP officers will leave port of entry property and begin

20   restricting the photography of individuals located outside of CBP-controlled areas.

21

22   CBP's written policy, which is the sole basis of Plaintiffs' claims, applies only to port

23   of entry property.  *See* Whitford Decl. at ¶ 5.  Thus, to the extent Plaintiffs are

24   attempting to assert claims based on a fear of off-property enforcement, those fears are

25

26   unreasonable, and plaintiffs lack standing to bring those claims.  *Clapper v. Amnesty*

27   *Int'l USA*, ⸺ U.S. ⸺, 133 S. Ct. 1138, 1147-48 (2013).

28

Moreover, even to the extent Plaintiffs' claims are based on the fear of some future CBP action occurring on port of entry property, those injuries are conjectural and therefore insufficiently concrete to constitute an actual or imminent injury-in-fact under the standing doctrine. *See McConnell v. Federal Election Comm'n*, 540 U.S. 93, 226 (2003) (finding that a threatened injury must be "certainly impending" to constitute an injury in fact). Neither Plaintiff has asserted that CBP has rejected a request to photograph port of entry property or that CBP has taken any action against them in the four years since this case was filed. *See, e.g.*, *Fernandez v. Leidos, Inc.*, No. 2:14-cv-02247-GEB-LJN, 2015 WL 5095893, at *7 (E.D. Cal. Aug. 28, 2015) (holding that, "in light of the fact . . . that now almost four years has elapsed since the [alleged misconduct], Plaintiff has not shown that any alleged risk of future [injury] . . . is imminent"); *In re Zappos.Com, Inc.*, No. 3:12-cv-00325-RCJ-VPC, 2015 WL 3466943, at *8 (D. Nev. June 1, 2015) ("[T]here must be a point at which a future threat can no longer be considered certainly impending or immediate despite its still being credible . . . . The more time that passes without the alleged future harm actually occurring undermines any argument that the threat of that harm is immediate, impending, or otherwise substantial."). Plaintiffs' allegations of a "subjective chill" of potential future First Amendment activity are thus not adequate to confer standing. *See Laird v. Tatum*, 408 U.S. 1, 13–14 (1972).

## CONCLUSION

1    For the reasons stated herein, Defendants respectfully request that the Court

2

dismiss Plaintiffs' First Amended Complaint.

3

4    DATED:  February 16, 2016              Respectfully Submitted,

5

6                                          BENJAMIN C. MIZER
                                           Principal Deputy Assistant Attorney General
7
                                           JOHN R. TYLER
8                                          Assistant Director, Federal Programs Branch

9

10                                         /s/ *Nathan M. Swinton*
                                           NATHAN M. SWINTON (NY Bar)
11                                         STEPHEN J. BUCKINGHAM (MD Bar)
                                           Trial Attorney, Federal Programs Branch
12                                         U.S. Department of Justice, Civil Division
                                           20 Massachusetts Avenue, NW
13                                         Washington, DC 20530
                                           Tel.  202-514-3330
14                                         Fax.  202-616-8470
                                           Stephen.Buckingham@usdoj.gov
15

16                                         *Attorneys for Defendants*

17

18

19

20

21

22

23

24

25

26

27

28