UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY ASKINS, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 12-CV-2600 W (BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. 65]** |

　　　　Pending before the Court is Defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  (*Defs.' Mot.* [Doc. 65].)  The Court decides the matter on the papers submitted and without oral argument. <u>See</u> Civ. L.R. 7.1(d)(1).  For the reasons stated below, the Court **GRANTS** Defendants' motion **WITHOUT LEAVE TO AMEND** and **DISMISSES** this case **WITH PREJUDICE**.  [Doc. 65.]

//

//

//

//

1

## I. BACKGROUND

Plaintiffs allege that United States Customs and Border Protection ("CBP") "has a national policy that prohibits photography on any port of entry property without advance official permission." (*See FAC* [Doc. 60] ¶ 8; *Pls.' Exh. A* [Doc. 60-1].)  They allege that this policy, together with local ground rules implementing it, violates their First Amendment rights because it "require[s] advance permission to take photographs . . ." of CBP facilities "and provide[s] unlimited discretion for CBP officials to grant or deny permission to take such photographs." (*FAC* [Doc. 60] ¶¶ 119, 121.)

Plaintiffs allege that CBP agents acting pursuant to this policy prevented them from taking pictures of the San Ysidro and Calexico Ports of Entry, and that they either want or intend to take more photographs. (*See FAC* [Doc. 60] ¶¶ 32–100.)

On September 13, 2013, the Court held that the CBP policy on photography comports with the First Amendment. (*See Sept. 30, 2013 Order* [Doc. 42] 11:20–25.)  In so doing, it found that "Plaintiffs['] apparent concern that Defendants have unbridled discretion to prohibit photography is unfounded." (*Id.* [Doc. 42] 11:10–17.)

## II. LEGAL STANDARD

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  See <u>Parks Sch. of Bus., Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." <u>Vasquez v. L.A. Cnty.</u>, 487 F.3d 1246, 1249 (9th Cir. 2007).

Complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has interpreted

1  this rule to mean that "[f]actual allegations must be enough to rise above the speculative
2  level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the
3  complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to
4  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing
5  Twombly, 550 U.S. at 570).

   Well-pleaded allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

   Leave to amend should be freely granted when justice so requires. See Fed. R. Civ. P. 15(a). However, denial of leave to amend is appropriate when such leave would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996); Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997).

### III. DISCUSSION

#### A. Article III Standing

The jurisdiction of federal courts is limited to "Cases" and "Controversies." See U.S. Const. art. III, § 2, cl. 1. This is the foundation of the doctrine of standing. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 559–60 (1992). Standing is a threshold jurisdictional requirement. See id. at 559. It has three components: (i) "injury in fact"— there must be a violation of a legally protected interest that is both concrete and particularized, and that is either actual or imminent; (ii) causation—there must be a causal link between the conduct challenged and the injury; and (iii) redressability—a favorable decision by the Court must be likely to redress the injury. See id. at 560 (internal citations omitted).

In light of the potential for chilling effects on free speech, "[c]onstitutional challenges based on the First Amendment present unique standing considerations." Arizona Right to Life Political Action Comm. v. Bayless, 320 F.3d 1002, 1006 (9th Cir.

2003).  In First Amendment cases, "plaintiffs may establish an injury in fact without first suffering a direct injury from the challenged restriction."  See Lopez v. Candaele, 630 F.3d 775, 785 (9th Cir. 2010).  "In such pre-enforcement cases, the plaintiff may meet constitutional standing requirements by 'demonstrat[ing] a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement.' "  Id. (quoting Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298).  Such a realistic danger must be supported by an allegation of an intent to engage in conduct " 'arguably affected with a constitutional interest, but proscribed by a statute, and . . . a credible threat of prosecution thereunder.' "  Id. (quoting Babbitt, 442 U.S. at 298).  But "plaintiffs must still show an actual or imminent injury to a legally protected interest."  Id. (internal citations omitted).  The "touchstone" of this inquiry is whether the injury or threat of injury is credible—more than mere speculation.  See id. at 786.

In the First Amendment context, self-censorship can itself be a constitutionally sufficient injury so long as it is based on "an actual and well-founded fear" that the challenged statute will be enforced.  See Human Life of Washington, Inc. v. Brumsickle, 624 F.3d 990, 1001 (9th Cir. 2010) (quoting Cal. Pro–Life Council Inc. v. Getman, 328 F.3d 1088, 1095 (9th Cir.2003)).

Defendants contend that Plaintiffs do not allege injury in fact because the allegations of future harm are "hypothetical[,]" "conjectural[,]" and "may never occur at all."  (*See Defs.' Mot.* [Doc. 65-1] 17:1–17.)  The FAC alleges that Plaintiffs Askins and Ramirez both attempted to take photographs at the San Ysidro and Calexico Ports of Entry, respectively, but that CBP agents acting pursuant to official policy detained the two of them and prevented them from doing so.  (*FAC* [Doc. 60] ¶¶ 32–71, 72–100.)  It alleges that Mr. Askins "wants to continue photographing [the area in question] . . . [but] has a reasonable fear" that that he will be subject to CBP interference if he attempts to do so; it further alleges that Mr. Ramirez "intends" to resume his photography activities "as soon as he is able to do so without CBP interference.  (*See id.* [Doc. 60] ¶¶ 66–71, 111–

117.)  The Court assumes true these well-pleaded allegations of fact.  See Papasan, 478 U.S. at 265.

Plaintiffs Askins and Ramirez both allege a desire or intention to resume the conduct they argue is constitutionally protected, but that CBP policy proscribes.  (See id.)  They allege that they have both been detained once for the conduct in question, and they both allege a fear that a resumption of photography may result in future detention or seizures.  (See id.)  As such, Plaintiffs allege both a realistic danger of sustaining future injury from the operation of CBP policy, and self-censorship based on a well-founded fear of enforcement.  See Lopez, 630 F.3d at 785; Brumsickle, 624 F.3d 990, 1001.  Therefore, Plaintiffs allege injury in fact.  See id.

Defendants' motion to dismiss the FAC on standing grounds is denied.

### B.      Law of the Case

" 'The law of the case doctrine is a judicial invention designed to aid in the efficient operation of court affairs.' "  U.S. v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000) (quoting Milgard Tempering, Inc. v. Selas Corp. of Am., 902 F.2d 703, 715 (9th Cir. 1990)).  "[A] court is generally precluded from reconsidering an issue previously decided by the same court, or a higher court in the identical case."  See id.  For the doctrine to apply, "the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.' "  Id. (quoting Liberty Mutual Ins. Co. v. EEOC, 691 F.2d 438, 441 (9th Cir. 1982)).  Application of the law of the case doctrine is discretionary.  A court may reconsider its previous order and depart from the law of the case if:

> **1) the first decision was clearly erroneous;**
> **2) an intervening change in the law has occurred;**
> **3) the evidence on remand is substantially different;**
> **4) other changed circumstances exist; or**
> **5) a manifest injustice would otherwise result.**

United States v. Cuddy, 147 F.3d 1111, 1114 (9th Cir. 1998) (quoting United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)).

1       As noted above, the Court held that CBP's photography policy comports with the First Amendment on September 30 of 2013. (*See Sept. 30, 2013 Order* [Doc. 42] 11:20–25.) As held in 2013, "CBP's photography policy survives the strict scrutiny analysis due to the extremely compelling interest of border security and the fact that the Court finds the current policy to be the least restrictive alternative available to Defendants." (*Id.*)

      Now, more than two years later, Plaintiffs bring claims that hinge on the identical issue—whether CBP's policy of prohibiting photography at CBP-controlled facilities is inconsistent with the First Amendment. (*See FAC* [Doc. 60] ¶¶ 118–125.) Their opposition to the instant motion attempts to relitigate that same issue, but it does not identify any clear error, intervening change in law, new evidence, changed circumstances, or manifest injustice resulting from the previous decision. (*See Pls.' Opp'n* [Doc. 70] 10:25–23:15.)

      As the Court reasoned in 2013, the CBP policy in question is the least restrictive means by which to serve the compelling interest of protecting United States territorial sovereignty. (*See Sept. 30, 2013 Order* [Doc. 42] 10:4–11:25.) See <u>Berger v. City of Seattle</u>, 569 F.3d 1029, 1052 (9th Cir. 2009) (summarizing the First Amendment strict scrutiny analysis). The policy shields sensitive CBP operations that would lose efficacy if made known to those who would smuggle aliens or contraband across the border. (*See id.*) In its original order, the Court noted Plaintiffs' contention that the policy was overinclusive because it extended to photography of matters in public view. (*See id.*) Plaintiffs had submitted that CBP could serve national interests by prohibiting only photography of internal CBP matters, those already hidden from the public. (*See id.*) Besides its apparent superfluity, this notion overlooks the distinction between exhaustive recording of CBP activities over time and an individual's transitory observations when crossing. A CBP policy that did not restrict photography on ports of entry would allow comprehensive, long-term documentation of port procedures. Such intimate familiarity with CBP patterns would be invaluable to drug cartels and smugglers seeking to violate the borders of the United States.

The law of the case bars Plaintiffs' claims.  See Lummi Indian Tribe, 235 F.3d at 452.  Defendants' motion to dismiss is granted.

**IV. CONCLUSION AND ORDER**

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss **WITHOUT LEAVE TO AMEND**.[1]  [Doc. 65.]

This action is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated:  March 23, 2016

Hon. Thomas J. Whelan
United States District Judge

---

[1] As the dismissal is based on the legal insufficiency of Plaintiffs' claims, amendment would be futile. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).